**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-05-540 |
| | § | Cr. No. C-08-384 |
| GUADALUPE REYNA-MEDINA, | § | |
| | § | |
| Defendant-Movant. | § | |

**ORDER DIRECTING MOVANT TO FILE ADDITIONAL INFORMATION**

On August 10, 2009, the Clerk received from Defendant Guadalupe Reyna-Medina ("Reyna-Medina") a motion styled as a motion under 28 U.S.C. § 2255. Although the document utilizes the forms for filing a § 2255 motion, it does not appear to the Court that Reyna-Medina is actually attempting to challenge her conviction or the imposition of her sentence. As discussed herein, however, the motion is unclear as to the precise relief Reyna-Medina is seeking. Accordingly, Reyna-Medina is hereby ORDERED to file a document with the Court clarifying her claims and her intentions not later than 30 days after entry of this Order.

**I. BACKGROUND**

On September 29, 2008, Reyna-Medina was sentenced by this Court in Cr. No. C-08-384 to 37 months in the custody of the Bureau of Prisons. The sentence was imposed following her guilty plea one count of transporting an illegal alien. On the same date, the Court revoked her supervised release term in Cr. No. C-05-540 and imposed a 24-month term of custody in the Bureau of Prisons, to run concurrent to the 37-month sentence. Reyna-Medina appealed from both sentences and the Fifth Circuit dismissed both appeals. (See United States v. Reyna-Medina-

Medina, No. 08-41019 (5th Cir. July 21, 2009) (unpublished opinion dismissing appeal from No. C-05-cr-540); No. C-08-cr-384, D.E. 51-52).

She subsequently filed a *pro se* motion in which she asked the Court to order that the remainder of her "61-month" sentence be served on home confinement. (No. C-05-cr-540, D.E. 60; No. C-08-cr-384, D.E. 54.) The Court directed the Clerk to docket the motion in both cases and denied it by Order entered July 30, 2009.

On August 10, 2009, within the 10-day window for appealing from that denial, the Clerk received Reyna-Medina's latest filing. As noted, she utilizes a form typically used for filing motions pursuant to 28 U.S.C. § 2255. As she did in her last filing, Reyna-Medina references both criminal case numbers and references her "61-month" sentence, which the Court again presumes is a reference to the combined total of both sentences. She lists four grounds for relief.

Her first ground is titled as a case of "unlawful arrest." She claims that her rights were not read to her at the time of her arrest and that it was not until after she went to jail that her rights were read to her. In the supporting facts section, however, she does not reference her arrest at all, but claims that she received "double the time" for the same offense, once before the state authorities and once before the federal authorities.

Her second ground for relief alleges that "She went to court for the same thing but to count[y] and federal on the same case." She contends that she was tried "twice for the same thing" and that this constitutes double jeopardy.

Reyna-Medina's third ground for relief alleges that she did not receive "county time off" for "this part of her case." She states that she received just 27 days for good time credit per year, but

2

believes she should have received more. She further states that she needs "the Court to look into this matter and this case."

Her fourth and final ground for relief explains that she asked for a "plea" on her case on July 21, 2009, but it was denied. She alleges that she then asked for an appeal and the appeal was denied. Now she states she is filing the paperwork for a "third time" and asking the Court to look at the case anew. She again reiterates that she served time in the county jail or in state custody for the "same thing," presumably in reference to her federal sentence.

Not only is Reyna-Medina's motion not clear as to her specific claims, but it is also confusing because portions of it indicate that she is trying to file an appeal. For example, the first page of her motion contains a typewritten notation that the motion is filed in the "Fifth Circuit Court AP." She references Fifth Circuit rules regarding petitions for rehearing. Also, the final page of her motion is a typed notice addressed to three judges of the Fifth Circuit. She addresses her plea to those judges and states that she is filing "paper with you and the court to reduce [her] sentence." She then reiterates again her claims that she is serving a "double sentence" on the "same case". She claims that she was sent to jail and then to federal prison "for the same thing."

## II. ANALYSIS

Having carefully reviewed the document filed by Reyna-Medina, the Court nonetheless is unable to determine what the intention behind Reyna-Medina's filing is. If she is trying to file a § 2255 motion in which she can challenge her conviction or the imposition of her sentence, Reyna-Medina is notified that she cannot challenge both of her sentences in a single motion, but must file

separate motions for the 37-month sentence and the 24-month sentence.  See  RULE 2(d), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2009).

If Reyna-Medina is trying to challenge the manner in which the Bureau of Prisons is computing her sentence, or trying to obtain credit toward her federal sentence for time served in state custody, the proper vehicle for such a challenge is a motion pursuant to 28 U.S.C. § 2241.  See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

A § 2241 motion should be filed in the district where the prisoner is incarcerated.  See Pack, 218 F.3d at 451 (§ 2241 motions should be brought in the district where the petitioner is incarcerated).  Reyna-Medina is currently housed at Federal Medical Center Carswell in Fort Worth, Texas.  This facility is located in the Northern District of Texas and any § 2241 motion should be filed in that district.  Moreover, Reyna-Medina has not asserted nor shown that she has exhausted her administrative remedies.  She would have to do so in order to be entitled to relief under § 2241.  United States v. Wilson, 503 U.S. 329, 335 (1992) (the law requires that a defendant exhaust available administrative remedies through the Bureau of Prisons before litigating in federal court the matter of computation of sentence).

4

Finally, if Reyna-Medina is attempting to appeal to the Fifth Circuit from this Court's denial of her motion for reduction in sentence, she should notify this Court. Then, this Court will ensure that her August 10, 2009 filing is docketed as a Notice of Appeal.

### III. CONCLUSION

For the foregoing reasons, Reyna-Medina is hereby ORDERED to file a statement with the Court not later than thirty days after entry of this Order. In that statement, she shall make clear whether, though her August 10, 2009 filing, she is:

(1) seeking relief pursuant to 28 U.S.C. § 2255;

(2) seeking relief pursuant to 28 U.S.C. § 2241; or

(3) seeking to appeal to the Fifth Circuit from this Court's denial of her motion to reduce sentence.

Additionally, if she is seeking relief pursuant to 28 U.S.C. § 2255, she shall re-file separate motions for each of the judgments she is challenging.

Finally, the Clerk is hereby directed to file Reyna-Medina's August 10, 2009 temporarily as merely a "Document." Once clarification is received from her in response to this Order, that description can be modified as necessary.

It is so ORDERED this 26th day of August, 2009.

_____
Janis Graham Jack
United States District Judge